UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**
APR 0 3 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, § § | |
| v. § § § | Case No. SA-16-CR-0389(01)-XR |
| MARK JOSEPH UHLENBROCK § | |

### ORDER REVOKING SUPERVISED RELEASE
### AND RESENTENCING THE DEFENDANT

On the 3rd day of April, 2019 came on to be considered the United States' motion to revoke the defendant's supervised release *[doc. #41]*. After due hearing, including consideration of all statutorily-required factors and revocation policy statements, the Court finds that the defendant has violated conditions of his supervised release as alleged by the United States, and that the ends of justice and the best interests of the public will not be served by continuing the defendant on supervised release. Accordingly, for reasons pronounced at sentencing and set forth in the motion to revoke,

**THE COURT ORDERS** that the United States' motion to revoke the defendant's supervised release *[doc. #41]* should be **GRANTED**. The term of supervised release previously imposed on September 28, 2016, is revoked and set aside.

**IT IS NOW THE ORDER AND SENTENCE** of this Court that the defendant is remanded to the custody of the United States Bureau of Prisons for a period of six (6) months.

**IT IS FURTHER ORDERED** that upon release from imprisonment the defendant shall be placed on three (3) years of re-imposed supervised release. While on supervised release, the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court on November 28, 2016, and shall comply with the following special conditions:

1) The defendant shall participate in a sex offense-specific treatment program and submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure compliance with the requirements of supervision or the treatment program. The defendant shall follow the rules and regulations of the program. The probation officer will supervise the defendant's participation in the program (provider, location, modality, duration, intensity, etc). The defendant shall pay the costs of the program if financially able.

2) The defendant shall not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256).

3) The defendant shall not have direct contact with any child the defendant knows or reasonably should know to be under the age of 18, [not including] his own children, without the permission of the probation officer. If the defendant has any direct contact with any child the defendant knows or reasonably should know to be under the age of 18, [not including] his own children, without the permission of the probation officer, the defendant must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

4) The defendant shall not go to, or remain at any place where the defendant knows controlled substances are illegally sold, used, distributed, or administered without first obtaining the permission of the probation officer.

5) The defendant shall not access the Internet except for reasons approved in advance by the probation officer.

6) The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant uses.

7) The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer.

8) The defendant is prohibited from any direct or indirect contact with Y.T. or member of her family, including contact by person, mail, telephone or any other form of communication.

Monetary sanctions imposed in this case that remain unpaid are reimposed, and such sanctions are due and payable immediately.

Signed this 3rd day of April, 2019.

XAVIER RODRIGUEZ
United States District Judge